IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LINDA MARCH, AS POWER OF ATTORNEY FOR
ELSIE RAABE,

    Plaintiff,

v.                                                   Case No. 1:21-cv-00921-MLG-KK

RAYMOND RAABE, JOHN ARIGO,
AND FIDELITY MANAGEMENT TRUST
COMPANY,

    Defendants.

## AMENDED
## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT

THIS MATTER comes before the Court on Plaintiff's Motion for Leave to Amend the Complaint ("Motion") (Doc. 45), filed on September 30, 2022. Having reviewed the briefing and applicable law, the Court hereby GRANTS Plaintiff's Motion.

## BACKGROUND

Plaintiff Linda March, as power of attorney for her mother Elsie Raabe, filed a complaint for injunctive relief and damages to overturn a beneficiary designation form executed by Robert Emmett Sheridan (Decedent) naming Defendants Raymond Raabe and John Arigo as the beneficiaries of Decedent's retirement account. *See generally* Doc. 1. Decedent passed away on October 21, 2020, in Albuquerque, New Mexico. *Id.* at 2. He was seventy-seven (77) years old and was domiciled in the county of Bernalillo in New Mexico. *Id.* At the time of his death, he had no spouse, children or surviving parents. *Id.* Decedent died intestate. *Id.* His friend Dolores Welks-Jack was appointed as the Personal Representative of his estate. *Id.*

Decedent had a close relationship with his aunt, Elsie Raabe. *Id.* Mrs. Raabe has two adult children: Plaintiff March and Defendant Raabe. *Id.* Under a Power of Attorney dated October 14, 2014, Plaintiff March is listed as the power of attorney for her mother, Mrs. Raabe, which becomes effective upon Mrs. Raabe's incapacity. *Id.* Mrs. Raabe was diagnosed with dementia in 2020. *Id.* at 2-3. The parties dispute the extent to which Decedent was close with his cousins, Defendants Raabe and Arigo. *Id.* at 6; Doc. 39 at 3-4.

Decedent's assets included a retirement account with Defendant Fidelity. Doc. 1 at 3. Plaintiff alleges that Mrs. Raabe was the original beneficiary of this account and that, before Decedent passed away, Defendants Raabe and Arigo convinced Decedent to change the beneficiary designation for the account from Mrs. Raabe to Defendants Raabe and Arigo. *Id.* On May 17, 2019, Decedent designated Defendants Raabe and Arigo as the beneficiaries of the account. Doc. 43 at 59-60. Plaintiff asserts that Defendants Raabe and Arigo took advantage of Decedent's age and incapacitation to either forge or otherwise unduly influence his change of the beneficiary designation. Doc. 1 at 4. The parties dispute the extent of Decedent's mental health decline and his incapacitation during this period. *Id.* at 4-5; Doc. 39 at 4. In the initial complaint, Plaintiff does not assert specific claims against Defendant Fidelity. *See generally* Doc. 1.

On September 21, 2021, Plaintiff filed her initial complaint for injunctive relief and damages seeking injunctive relief to overturn the beneficiary designation based on fraud, coercion, and undue influence; damages for intentional interference; and attorney's fees and costs. Doc. 1 at 1-9. Defendants filed their respective answers. Docs. 5, 9. The Magistrate Judge entered a scheduling order setting the deadlines for Plaintiff to amend her complaint as February 3, 2022, and for the termination of discovery as June 3, 2022. Doc. 19 at 1-2. The parties filed a joint motion to extend pretrial deadlines, seeking to extend the discovery period to July 30, 2022. Doc. 33. The

Magistrate Judge entered an order extending the discovery period to August 1, 2022. Doc. 34. On September 1, 2022, Defendants filed motions for summary judgment and partial summary judgment. Docs. 39-40. On September 30, 2022, Plaintiff filed her responses to Defendants' motions for summary judgment and partial summary judgment. Docs. 43-44. She also filed the subject Motion, seeking to clarify the claim of undue influence based on lack of testamentary capacity, to add a claim for vicarious liability against Defendant Fidelity and to remove the claims of fraud and coercion and the counts for damages and attorney's fees. Doc. 45, Exhibit A. Plaintiff's Motion is opposed, and the matter is fully briefed. Docs. 52, 54, 59.

The Court has read the parties' submissions and reviewed applicable legal authority. For the reasons explained hereafter, the Court will grant Plaintiff's request for leave to file the amended complaint attached as Exhibit A to Plaintiff's Motion. Doc. 45.

## OPINION

### I. Applicable legal authority

A plaintiff may amend her complaint once as a matter of course, after which the plaintiff must seek consent from the opposing party or leave of the court. Fed.R.Civ.P. 15(a). "The court should freely give leave when justice so requires." *Id.* The purpose of this rule is to "provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quotation marks and citation omitted). Courts typically favor allowing plaintiffs to amend their complaints absent a showing of "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). The district court retains broad

discretion to grant or deny such leave. *See Cohen v. Longshore*, 621 F.3d 1311, 1314 (10th Cir. 2010).

If the deadline for amendments set in the scheduling order has passed, a party may only amend her complaint if she demonstrates good cause for seeking modification under Rule 16(b)(4), in addition to satisfaction of the Rule 15 standard explained above. *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). The "good cause" standard "requires the movant to show the scheduling deadlines cannot be met despite the movant's diligent efforts." *Id.* (internal quotation marks and brackets omitted). It may be satisfied where "a plaintiff learns new information through discovery[.]" *Id.* However, the good cause hurdle cannot be cleared in those instances where the movant "knew of the underlying conduct but simply failed to raise [their] claims." *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018). This determination is left to the district court's discretion. *See Gorsuch, Ltd., B.C.*, 771 F.3d at 1240. Because there is a "rough similarity" between the "good cause" standard of Rule 16 and the "undue delay" standard of Rule 15, *see Bylin v. Billings*, 568 F.3d 1224, 1231 (10th Cir. 2009), the analysis of the two standards overlaps.

**II.   Analysis**

In this case, Plaintiff moves for the Court's leave to amend her complaint on the basis that recent evidence clarifies the extent of Decedent's incapacity, underscores the undue influence that Defendants Raabe and Arigo exerted over Decedent in designating them as the beneficiaries of his retirement account, and implicates Defendant Fidelity under a theory of vicarious liability. Doc. 45 at 1-4. She now seeks to (1) provide additional facts, (2) add claims for lack of testamentary capacity and vicarious liability, (3) remove claims of fraud and coercion, and (4) remove Count II (tortious interference) and Count III (attorney's fees and costs). The resulting proposed amended

complaint constitutes only one count for injunctive relief claiming undue influence, lack of testamentary capacity and vicarious liability. *See generally* Doc. 45, Exhibit A.

Defendants Raabe and Arigo counter that Plaintiff's Motion is not premised on "new information" and, even if it were, "appears to be for the purpose of delay" because discovery has closed, and dispositive motions have been filed. Doc. 52 at 2. Likewise, Defendant Fidelity argues that the Court should deny Plaintiff's Motion because she unduly delayed seeking leave to file an amended complaint; this undue delay unfairly prejudices Fidelity; and the amendment is futile. Doc. 54 at 3-6. Although I find Defendants' arguments to be compelling and believe that this case presents a close call, I conclude that Plaintiff has met both the Rule 16(b)(4) and Rule 15(a) standards. I address each in turn below.

**A.     Good Cause Under Rule 16(b)(4)**

Exercising the broad discretion afforded to this Court to modify scheduling orders, I conclude that Plaintiff has demonstrated good cause under Rule 16(b)(4). Plaintiff asserts that evidence uncovered during discovery further clarified the scope of Decedent's incapacity, specifically that Decedent lacked capacity to sign the beneficiary designation form on May 19, 2019, and that this new evidence necessitates amendment of the complaint.[1] Doc. 45 at 2. In addition, Plaintiff seeks to add a claim for vicarious liability against Defendant Fidelity because "additional evidence . . . demonstrate[s] that Decedent was encouraged to add a beneficiary designation and sign a power of attorney despite his being readily and apparently incapacitated." *Id.* Plaintiff also points to "disputes between the testimony of Defendant Raabe and

---

[1] Plaintiff references the date of May 19, 2019, as the date on which Decedent executed the beneficiary designation form. *See, e.g.*, Doc. 45 at 2. The Court notes that the date on which Decedent executed the form appears to be May 17, 2019, according to the form itself. Doc. 43 at 60.

the Personal Representative regarding Defendant Raabe's role in the beneficiary designation." *Id.* at 4. Finally, Plaintiff assures the Court that she does not seek to join new parties or add any new counts. *Id.* at 2-3.

Based on the foregoing, the Court is persuaded that Plaintiff has diligently sought to amend the complaint with new evidence uncovered during discovery. As noted earlier, the deadline for Plaintiff to file her amended complaint was February 3, 2022. Doc. 19 at 1. The parties stipulated to and the Court entered an extension of discovery from June 3, 2022, to August 1, 2022. Docs. 33-34. It was during this discovery period that Plaintiff alleges new evidence was uncovered showing the extent of Decedent's lack of testamentary capacity and Defendant Fidelity's involvement with the beneficiary designation change. Doc. 45 at 3-5. Plaintiff then filed the subject Motion on September 30, 2022. *See generally id.* Thus, despite the months long delay between the scheduling order deadline to amend the complaint and Plaintiff's filing the Motion, the Court does not believe that such a delay is necessarily unreasonable due to the recency of the termination of discovery on August 1, 2022. *Compare Wagner Equip. Co. v. Wood*, 289 F.R.D. 347, 350-51 (D.N.M. 2013) (determining that the plaintiff's filing of second motion to amend six weeks after deadline for filing amendments was reasonable)*, with Gorsuch, Ltd., B.C.*, 771 F.3d at 1242 (finding no good cause for delay where the party filed a third motion to amend after a nearly two-year delay).

Defendants Raabe and Arigo contend that Plaintiff is merely amending her complaint to create a "moving target" to "salvage a lost case." Doc. 52 at 1. While there may be merit to this concern, *see, e.g.*, *Trujillo v. Bd. of Educ. of Albuquerque Pub. Sch.*, No. CIV. 02-1509, 2005 WL 3663713 at *4-5 (D.N.M. Oct. 9, 2005) (unpublished), it is ultimately speculative because it may be that allowing amendment here would result in a speedier and more efficient resolution of the

6

case through, for example, summary judgment proceedings. At any rate, allowing the amendment will permit the "claim to be decided on its merits rather than on procedural niceties," which furthers the liberal approach to amendments favored by the Federal Rules of Civil Procedure. *See Minter*, 451 F.3d at 1204; *Trujillo*, 2005 WL 3663713, at *4.

Thus, although the Court considers Plaintiff's lengthy delay in filing the Motion to counsel against a finding of good cause, I am nonetheless persuaded that good cause exists, especially because discovery terminated relatively recently before the Motion was filed and considering the likelihood that further discovery is unnecessary as well as the absence of a set trial date. *See Carr v. Meyer*, No. CIV 01-097, 2016 WL 10514735 at *4 (D.N.M. May 18, 2016) (unpublished). I now turn to whether Plaintiff has met the Rule 15(a) standard.

**B.     Rule 15(a)**

The Court concludes that Plaintiff has met the Rule 15(a) standard. Defendants variously assert that the Court should deny leave to amend because there was undue delay, undue prejudice, dilatory motive, and futility. Doc. 52 at 1-2; Doc. 54 at 4-7; *see Frank*, 3 F.3d at 1365. Each of these issues in addressed in turn below.

**i.     Undue Delay**

"Undue delay is demonstrated where the proposed amendment comes after the deadline to amend pleadings and the amending party has no adequate explanation for the delay." *Nowell v. Medtronic Inc.*, 372 F. Supp. 3d 1166, 1212 (D.N.M. 2019). "Lateness does not of itself justify the denial of the amendment." *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir. 1975). Rather, "[t]he longer the delay, the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend." *Minter*, 451 F.3d at 1205 (internal quotation marks and

citation omitted). Therefore, the Court focuses on the reasons for the delay, denying leave to amend "when the party filing the motion has no adequate explanation for the delay." *Id.* at 1206.

In this case, Plaintiff asserts that new evidence was uncovered during the extended discovery period necessitating the amendments. Doc. 45 at 2. Plaintiff claims that it was not possible to obtain the new evidence prior to the deadline to amend the pleadings. *Id.* Less than two months after discovery closed, Plaintiff filed the Motion. Defendants counter that Plaintiff's Motion is not premised on new evidence and, thus, there is no reason why Plaintiff could not have moved to amend before the February 3, 2022, deadline. Doc. 52 at 2; Doc. 54 at 4-5.

The Court finds that Plaintiff has proffered an adequate justification for the delay: that she uncovered new evidence during the discovery period, which was extended to August 1, 2022, necessitating the amendments to her complaint for which she sought leave to amend on September 30, 2022.

### ii.  Undue Prejudice

"The second, and most important, factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party." *Minter*, 451 F.3d at 1207. "Courts typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment." *Id.* at 1208 (internal quotation marks and citation omitted). "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id.*

In this case, Plaintiff asserts that there is no undue prejudice because Defendants are aware of the new evidence underlying the amended complaint, no trial is scheduled in the matter, and amendment will not require the reopening of discovery. Doc. 45 at 7. Defendant Fidelity counters

that it would be prejudiced if the Court allowed leave to amend because it has not been able to prepare defenses to the new allegations. Doc. 54 at 6.

The Court perceives no undue prejudice to Defendants. Plaintiff does not propose substantially different issues from those asserted in the original complaint. *See, e.g.*, *R.E.B., Inc.*, 525 F.2d at 751-52 (finding no prejudice when "[t]he amendments did not propose substantially different issues"). Rather, Plaintiff removes counts for damages and attorney's fees and costs, as well as claims for fraud and coercion. She retains her claim of undue influence as against Defendants Raabe and Arigo, refining the basis as Decedent's lack of testamentary capacity. She also adds a claim for vicarious liability against Defendant Fidelity. The new claims, although absent from the original complaint, do not arise from an entirely different factual situation as contained in the original complaint. *See Gillette v. Tansy*, 17 F.3d 308, 313 (10th Cir. 1994) (finding no evidence of prejudice when the "Petitioner's [amended] claims track the factual situations set forth in his [original] claims"); *Childers v. Indep. Sch. Dist. No. 1*, 676 F.2d 1338, 1343 (10th Cir. 1982) (ruling that the district court's refusal to allow an amendment was "particularly egregious in this case because the subject matter of the amendment was already alleged in the complaint"). In addition, no trial date has been set which would otherwise heighten any prejudicial effect of Plaintiff's proposed amendments. *See Hom v. Squire*, 81 F.3d 969, 973 (10th Cir. 1996) (finding prejudicial a motion "to add an entirely new and different claim to [the plaintiff's] suit little more than two months before trial").

### iii.  **Dilatory Motive**

Next, Defendants Raabe and Arigo assert that Plaintiff's Motion was filed for the purpose of delay. Doc. 52 at 2. Plaintiff counters that she has worked diligently in obtaining new evidence to prove the extent of Decedent's incapacity, which explains the delay between the deadline to

amend and the filing of the subject Motion. Doc. 45 at 4-5. Although the Court is somewhat troubled by the timing of the subject Motion which coincided with Plaintiff's responses to Defendants' motions for summary judgment, I can ascertain no dilatory motive, especially in the absence of a set trial date.

**iv.   Futility**

Lastly, Defendant Fidelity asserts that Plaintiff's Motion is futile because the amendment would not survive a motion for summary judgment. Doc. 54 at 6. Plaintiff's proposed amended complaint contains additional details about Defendant Fidelity's involvement in Decedent's change of beneficiaries, adding a claim against it for vicarious liability. The Court believes that Defendant Fidelity's arguments as to futility are speculative. Accordingly, the Court reserves a deeper analysis of the grounds for granting or denying summary judgment on Plaintiff's amended theories in our forthcoming order on the pending summary judgment motions. For now, the Court believes that the foregoing factors (lack of undue delay, undue prejudice, and dilatory motive) weigh in Plaintiff's favor for the subject Motion.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion. Doc. 45. Plaintiff may file her proposed amended complaint as attached to her Motion as Exhibit A. Plaintiff shall file this amended complaint separately on the docket within five (5) business days of the date of this Order.

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE
HON. MATTHEW L. GARCIA